BILAL A. ESSAYLI
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
LAUREN RESTREPO (Cal. Bar No. 319873)
Assistant United States Attorney
Deputy Chief, Cyber & I.P. Crimes Section
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
Cyber & I.P. Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3825 / 1785
    Email:    lauren.restrepo@usdoj.gov
            maxwell.coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

**5/1/2025**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MMC _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-00333-AB |
|---|---|
|     Plaintiff, | PLEA AGREEMENT FOR DEFENDANT RYAN MITCHELL KRAMER |
|        v. | |
| RYAN MITCHELL KRAMER, | |
|     Defendant. | |

1.    This constitutes the plea agreement between RYAN MITCHELL KRAMER ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

1                          DEFENDANT'S OBLIGATIONS

2          2.   Defendant agrees to:

3          a.   Give up the right to indictment by a grand jury and,

4     at the earliest opportunity requested by the USAO and provided by the

5     Court, appear and plead guilty to a two-count information in the form

6     attached to this agreement as Exhibit A or a substantially similar

7     form, which charges defendant with violations of 18 U.S.C.

8     § 1030(a)(2)(C), (c)(2)(B)(iii) (Accessing a Computer and Obtaining

9     Information) (Count 1) and 18 U.S.C. § 1030(a)(7), (c)(3)(A)

10    (Threatening to Damage a Protected Computer) (Count 2).

11         b.   Not contest facts agreed to in this agreement.

12         c.   Abide by all agreements regarding sentencing contained

13    in this agreement.

14         d.   Appear for all court appearances, surrender as ordered

15    for service of sentence, obey all conditions of any bond, and obey

16    any other ongoing court order in this matter.

17         e.   Not commit any crime; however, offenses that would be

18    excluded for sentencing purposes under United States Sentencing

19    Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

20    within the scope of this agreement.

21         f.   Be truthful at all times with the United States

22    Probation and Pretrial Services Office and the Court.

23         g.   Pay the applicable special assessments at or before

24    the time of sentencing unless defendant has demonstrated a lack of

25    ability to pay such assessments.

26         h.   Agree to and not oppose the imposition of the

27    following conditions of probation or supervised release:

28

i.   Defendant shall be limited to maintaining no more than one virtual currency wallet, and that one wallet shall be used for all virtual currency transactions.  Defendant shall not obtain or open any virtual currency wallets/accounts without prior approval of the Probation Officer.  All virtual currency transactions, along with any virtual currency wallet Extended Public Keys (XPUB), shall be disclosed to the Probation Officer upon request.  Defendant shall be limited to only using and possessing open public blockchain virtual currencies and restricted from using privacy-based blockchain virtual currencies, unless prior approval is obtained from the Probation Officer.

ii.   Defendant shall possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that have been disclosed to the Probation Officer upon commencement of supervision.  Any new devices, accounts, applications, passwords, or passcodes are to be disclosed to the Probation Officer prior to the first use.  A digital device is any electronic system or device that can access, view, obtain, store, or transmit digital data related to email accounts, financial accounts, and social media accounts.

iii. All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search, seizure, and computer monitoring.  This shall not apply to items used at the employment site that are maintained and monitored by the employer.

1          iv.   Defendant shall comply with the rules and

2   regulations of the Computer Monitoring Program.  Defendant shall pay

3   the cost of the Computer Monitoring Program unless defendant

4   demonstrates an inability to pay, as determined by the Probation

5   Officer.

6          v.    Defendant shall comply with the Internal Revenue

7   Service's reporting requirements as they pertain to virtual

8   currencies and shall provide proof of having done so to the Probation

9   Officer.

10         vi.   Defendant shall submit defendant's person,

11  property, house, residence, vehicle, papers, computers, cell phones,

12  other electronic communications or data storage devices or media,

13  email accounts, social media accounts, cloud storage accounts, or

14  other areas under the defendant's control, to a search conducted by a

15  United States Probation Officer or law enforcement officer.  Failure

16  to submit to a search may be grounds for revocation.  The defendant

17  shall warn any other occupants that the premises may be subject to

18  searches pursuant to this condition.  Any search pursuant to this

19  condition will be conducted at a reasonable time and in a reasonable

20  manner upon reasonable suspicion that the defendant has violated a

21  condition of his supervision and that the areas to be searched

22  contain evidence of this violation.

23                  THE USAO'S OBLIGATIONS

24       3.   The USAO agrees to:

25          a.    Not contest facts agreed to in this agreement.

26          b.    Abide by all agreements regarding sentencing contained

27  in this agreement.

28

4

1       c.  At the time of sentencing, provided that defendant

2 demonstrates an acceptance of responsibility for the offenses up to

3 and including the time of sentencing, recommend a two-level reduction

4 in the applicable Sentencing Guidelines offense level, pursuant to

5 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

6 additional one-level reduction if available under that section.

7                           <u>NATURE OF THE OFFENSES</u>

8    4.  Defendant understands that for defendant to be guilty of

9 the crime charged in count one, that is, accessing a computer and

10 obtaining information, in violation of 18 U.S.C. § 1030(a)(2)(C),

11 (c)(2)(B)(iii), the following must be true: (i) defendant

12 intentionally accessed without authorization a protected computer;

13 (ii) by accessing a computer without authorization, defendant

14 obtained information from a computer that was used in or affecting

15 interstate or foreign commerce or communication; and (iii) and the

16 value of the information obtained exceeded $5,000.

17    5.  Defendant understands that for defendant to be guilty of

18 the crime charged in count two, that is, threatening to damage a

19 protected computer, in violation of 18 U.S.C. § 1030(a)(7)(C),

20 (c)(3)(A), the following must be true: (i) defendant transmitted a

21 communication in interstate or foreign commerce; (ii) defendant acted

22 with intent to extort money or any other thing of value from any

23 individual, firm, corporation, educational institution, financial

24 institution, government entity, or legal or other entity; (iii) the

25 communication contained a threat to impair the confidentiality of

26 information from a computer without authorization; and (iv)

27 defendant's threat concerned a computer that was used in or affected

28 interstate or foreign commerce or communication.

PENALTIES AND RESTITUTION

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(iii) (Count One), is: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1030(a)(7)(C), (c)(3)(A) (Count Two), is: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 10 years' imprisonment; a 3-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

9.    Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may

order restitution to any victim of any of the following for any

losses suffered by that victim as a result: (a) any relevant conduct,

as defined in U.S.S.G. § 1B1.3, in connection with the offenses to

which defendant is pleading guilty; and (b) any charges not

prosecuted pursuant to this agreement as well as all relevant

conduct, as defined in U.S.S.G. § 1B1.3, in connection with those

charges.

10. Defendant understands that supervised release is a period

of time following imprisonment during which defendant will be subject

to various restrictions and requirements. Defendant understands that

if defendant violates one or more of the conditions of any supervised

release imposed, defendant may be returned to prison for all or part

of the term of supervised release authorized by statute for the

offense that resulted in the term of supervised release, which could

result in defendant serving a total term of imprisonment greater than

the statutory maximum stated above.

11. Defendant understands that, by pleading guilty, defendant

may be giving up valuable government benefits and valuable civic

rights, such as the right to vote, the right to possess a firearm,

the right to hold office, and the right to serve on a jury.

Defendant understands that he is pleading guilty to a felony and that

it is a federal crime for a convicted felon to possess a firearm or

ammunition. Defendant understands that the convictions in this case

may also subject defendant to various other collateral consequences,

including but not limited to revocation of probation, parole, or

supervised release in another case and suspension or revocation of a

professional license. Defendant understands that unanticipated

1  collateral consequences will not serve as grounds to withdraw

2  defendant's guilty pleas.

3      12.  Defendant understands that, if defendant is not a United

4  States citizen, the felony convictions in this case may subject

5  defendant to: removal, also known as deportation, which may, under

6  some circumstances, be mandatory; denial of citizenship; and denial

7  of admission to the United States in the future.  The Court cannot,

8  and defendant's attorney also may not be able to, advise defendant

9  fully regarding the immigration consequences of the felony

10 convictions in this case.  Defendant understands that unexpected

11 immigration consequences will not serve as grounds to withdraw

12 defendant's guilty pleas.

13                          <u>FACTUAL BASIS</u>

14     13.  Defendant admits that defendant is, in fact, guilty of the

15 offenses to which defendant is agreeing to plead guilty.  Defendant

16 and the USAO agree to the statement of facts provided below and agree

17 that this statement of facts is sufficient to support pleas of guilty

18 to the charges described in this agreement and to establish the

19 Sentencing Guidelines factors set forth in paragraph 15 below but is

20 not meant to be a complete recitation of all facts relevant to the

21 underlying criminal conduct or all facts known to either party that

22 relate to that conduct.

23     In early 2024, defendant posted a computer program on various

24 online platforms, including GitHub, that purported to be computer

25 software that could be used to create A.I.-generated art but that

26 was, in fact, a malicious file that enabled defendant to gain access

27 to victims' computers.  Sometime between April and May 2024, victim

28 M.V. downloaded the malicious file defendant posted on GitHub, and

                                  8

defendant gained access to M.V.'s personal computer, including an online account where M.V. stored login credentials and passwords for M.V.'s personal and work accounts.  After gaining unauthorized access to M.V.'s computer and online accounts, defendant accessed an online communications account -- namely, a Slack account -- that M.V. used as an employee of the Walt Disney Company.  By accessing M.V.'s Disney Slack account, defendant gained access to non-public Disney Slack channels, and in or around May 2024, defendant downloaded approximately 1.1 terabytes of confidential data from thousands of Disney Slack channels.  Defendant admits that the value of the information obtained from Disney exceeded at least $5,000.

In July 2024, defendant contacted M.V. via email and the online messaging platform Discord, pretending to be a member of a fake Russia-based hacktivist group called "NullBulge."  The emails and Discord message contained threats to leak M.V.'s personal information and Disney's Slack data.  One message defendant sent to M.V. on July 8, 2024, threatened that in order to "ensure this information remains undisclosed, I need your cooperation," and warned that if M.V. contacted anyone about the message, "we will drop our data publicly and loudly without so much as a warning."  Defendant also threatened that this would be a "major, major mistake" for M.V.'s "information and career at Disney."  Another email sent to M.V. on July 12, 2024, with the subject line "You sure that's how you want to play?", stated, in part, "Respond, do what we want, or end up on the net. Your choice.  We will not contact you again."

On July 12, 2024, after M.V. did not respond to defendant's threats, defendant publicly released the stolen Disney Slack files, as well as M.V.'s bank, medical, and personal information on multiple

online platforms.  On July 14, 2024, following the leak of M.V.'s and
Disney's data, M.V. received a final email from defendant, again
using a NullBulge address that stated, in part, "just wanted to check
in to see if you believe us now.  We are willing to take your data
down, but not for free.  Let us know."  In addition to M.V.,
defendant admits that at least two other victims downloaded
defendant's malicious file, and that defendant was able to gain
unauthorized access to their computers and accounts.

SENTENCING FACTORS

14.  Defendant understands that in determining defendant's
sentence the Court is required to calculate the applicable Sentencing
Guidelines range and to consider that range, possible departures
under the Sentencing Guidelines, and the other sentencing factors set
forth in 18 U.S.C. § 3553(a).  Defendant understands that the
Sentencing Guidelines are advisory only, that defendant cannot have
any expectation of receiving a sentence within the calculated
Sentencing Guidelines range, and that after considering the
Sentencing Guidelines and the other § 3553(a) factors, the Court will
be free to exercise its discretion to impose any sentence it finds
appropriate up to the maximum set by statute for the crimes of
conviction.

15.  Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Specific Offense Characteristics: | | |
| Sophisticated Means | +2 | U.S.S.G. § 2B1.1(b)(10)(C) |
| Conviction under § 1030 | +2 | U.S.S.G. § 2B1.1(b)(18)(A) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, including the application of an enhancement based on the loss amount under U.S.S.G. § 2B1.1(b)(1).

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

18.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.   The right to persist in a plea of not guilty.

    b.   The right to a speedy and public trial by jury.

    c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.   The right to confront and cross-examine witnesses against defendant.

1    f.   The right to testify and to present evidence in

2  opposition to the charges, including the right to compel the

3  attendance of witnesses to testify.

4    g.   The right not to be compelled to testify, and, if

5  defendant chose not to testify or present evidence, to have that

6  choice not be used against defendant.

7    h.   Any and all rights to pursue any affirmative defenses,

8  Fourth Amendment or Fifth Amendment claims, and other pretrial

9  motions that have been filed or could be filed.

10                 WAIVER OF RETURN OF DIGITAL DATA

11    19.  Understanding that the government has in its possession

12  digital devices and/or digital media seized from defendant, defendant

13  waives any right to the return of digital data contained on those

14  digital devices and/or digital media and agrees that if any of these

15  digital devices and/or digital media are returned to defendant, the

16  government may delete all digital data from those digital devices

17  and/or digital media before they are returned to defendant.

18                 WAIVER OF APPEAL OF CONVICTION

19    20.  Defendant understands that, with the exception of an appeal

20  based on a claim that defendant's guilty pleas were involuntary, by

21  pleading guilty defendant is waiving and giving up any right to

22  appeal defendant's convictions on the offenses to which defendant is

23  pleading guilty.  Defendant understands that this waiver includes,

24  but is not limited to, arguments that the statutes to which defendant

25  is pleading guilty are unconstitutional, and any and all claims that

26  the statement of facts provided herein is insufficient to support

27  defendant's pleas of guilty.

28

<u>WAIVER OF APPEAL AND COLLATERAL ATTACK</u>

21.  Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, including, to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

22.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

23.   This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

24.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

25.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

26.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO

may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

27.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal

Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
Procedure, or any other federal rule, that the statements or any
evidence derived from the statements should be suppressed or are
inadmissible.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

28.  Defendant understands that the Court and the United States
Probation and Pretrial Services Office are not parties to this
agreement and need not accept any of the USAO's sentencing
recommendations or the parties' agreements to facts or sentencing
factors.

29.  Defendant understands that both defendant and the USAO are
free to: (a) supplement the facts by supplying relevant information
to the United States Probation and Pretrial Services Office and the
Court, (b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations and determination of
sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 15 are
consistent with the facts of this case.  While this paragraph permits
both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

30.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be at or below the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

31.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//

17

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

32. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

BILAL A. ESSAYLI
United States Attorney

_____      04/30/2025
LAUREN RESTREPO                       Date
MAXWELL COLL
Assistant United States Attorneys

_____      4/26/2025
RYAN MITCHELL KRAMER                  Date
Defendant

_____      4.26.2025
ALAN EISNER, ESQ.                     Date
Attorney for Defendant RYAN
MITCHELL KRAMER

1          <u>CERTIFICATION OF DEFENDANT</u>

2          I have read this agreement in its entirety.  I have had enough

3    time to review and consider this agreement, and I have carefully and

4    thoroughly discussed every part of it with my attorney.   I understand

5    the terms of this agreement, and I voluntarily agree to those terms.

6    I have discussed the evidence with my attorney, and my attorney has

7    advised me of my rights, of possible pretrial motions that might be

8    filed, of possible defenses that might be asserted either prior to or

9    at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10   of relevant Sentencing Guidelines provisions, and of the consequences

11   of entering into this agreement.  No promises, inducements, or

12   representations of any kind have been made to me other than those

13   contained in this agreement.  No one has threatened or forced me in

14   any way to enter into this agreement.  I am satisfied with the

15   representation of my attorney in this matter, and I am pleading

16   guilty because I am guilty of the charges and wish to take advantage

17   of the promises set forth in this agreement, and not for any other

18   reason.

19   _____          4/26/2025

20   RYAN MITCHELL KRAMER                      Date
     Defendant

21

22

23

24

25

26

27

28

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am RYAN MITCHELL KRAMER's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty plea pursuant to this agreement.

_____     4-26-2025
ALAN EISNER, ESQ.                    Date
Attorney for Defendant RYAN
MITCHELL KRAMER

**EXHIBIT A**

**DRAFT**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. |
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(iii): Accessing a Computer and Obtaining Information; 18 U.S.C. § 1030(a)(7), (c)(3)(A): Threatening to Damage a Protected Computer; 18 U.S.C. §§ 982 and 1030(i): Criminal Forfeiture] |
| RYAN MITCHELL KRAMER, aka "NullBulge," | |
| Defendant. | |

The United States Attorney charges:

<u>COUNT ONE</u>

[18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(iii)]

On or about May 14, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant RYAN MITCHELL KRAMER, also known as ("aka") "NullBulge," intentionally accessed a computer without authorization, and thereby obtained information the value of which exceeded $5,000, namely, non-public information, records, and communications belonging to the Walt Disney Company.

COUNT TWO

[18 U.S.C. § 1030(a)(7), (c)(3)(A)]

On or about July 8, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant RYAN MITCHELL KRAMER, also known as ("aka") "NullBulge," with intent to extort from a person, namely victim M.V., money and other things of value, transmitted in interstate and foreign commerce a communication containing a threat to impair the confidentiality of information obtained from a protected computer without authorization.

1              FORFEITURE ALLEGATION ONE

2              [18 U.S.C. §§ 982 and 1030]

3      1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States will seek

5  forfeiture as part of any sentence, pursuant to Title 18, United

6  States Code, Sections 982(a)(2) and 1030, in the event of the

7  defendant's conviction of the offenses set forth in Counts One and

8  Two of this Information.

9      2.    If so convicted defendant shall forfeit to the United

10 States of America the following:

11          (a)   All right, title, and interest in any and all

12 property, real or personal, constituting, or derived from, any

13 proceeds obtained, directly or indirectly, as a result of the

14 offenses;

15          (b)   Any personal property used or intended to be used to

16 commit the offenses; and

17          (c)   To the extent such property is not available for

18 forfeiture, a sum of money equal to the total value of the property

19 described in subparagraphs (a) and (b).

20     3.    Pursuant to Title 21, United States Code, Section 853(p),

21 as incorporated by Title 18, United States Code, Sections 982(b)(1)

22 and 1030(i), if so convicted defendant shall forfeit substitute

23 property, up to the total value of the property described in the

24 preceding paragraph if, as the result of any act or omission of

25 defendant, the property described in the preceding paragraph, or any

26 portion thereof: (a) cannot be located upon the exercise of due

27 diligence; (b) has been transferred, sold to or deposited with a

28 third party; (c) has been placed beyond the jurisdiction of the

                                3

1  court; (d) has been substantially diminished in value; or (e) has

2  been commingled with other property that cannot be divided without

3  difficulty.

4

5                                              BILAL A. ESSAYLI
                                               United States Attorney
6

7

8                                              DAVID T. RYAN
                                               Assistant United States Attorney
                                               Chief, National Security Division
9

10                                             KHALDOUN SHOBAKI
                                               Assistant United States Attorney
                                               Chief, Cyber and Intellectual
11                                               Property Crimes Section

12                                             LAUREN RESTREPO
                                               Assistant United States Attorney
13                                             Assistant United States Attorney
                                               Deputy Chief, Cyber and
14                                               Intellectual Property Crimes
                                                 Section
15

16                                             MAXWELL COLL
                                               Assistant United States Attorney
                                               Cyber and Intellectual Property
17                                               Crimes Section

18

19

20

21

22

23

24

25

26

27

28